72 P.3d 170 (2003)
149 Wash.2d 787
In the Matter of the RECALL Charges Against City of Des Moines Mayor Donald WASSON, Councilmember Richard Benjamin, Councilmember Gary Peterson and Councilmember Maggie Steenrod.
No. 73036-9.
Supreme Court of Washington, En Banc.
July 10, 2003.
*171 David H. Middleton & Associates PS, David Middleton, Federal Way, for appellant.
Des Moines City Attorney's Office, Linda Marousek, Asst., Des Moines, Foster, Pepper & Shefelman, PLLC, Jeffrey Richard, Scott Missall, Thane Somerville, Seattle, for respondent.
PER CURIAM.
This case involves a recall petition alleging various violations against the Des Moines Mayor and three councilmembers (councilmembers) The trial court found the charges legally and factually insufficient. We affirm on the ground that the petition fails to satisfy the specificity requirements of RCW 29.82.010.

FACTS
Eduardo Pina initiated a recall petition against Des Moines Mayor Donald Wasson, Councilmember Richard Benjamin, Councilmember Gary Peterson and Councilmember Maggie Steenrod, alleging four violations.
First, Pina generally alleges that the councilmembers violated the notice requirements of the Open Public Meetings Act (OPMA), chapter 42.30 RCW, when they held a special meeting on March 13, 2002. To support his allegation, Pina attached a videotape of the meeting and a six-page amended complaint concerning a separate civil lawsuit filed against the councilmembers.
Second, Pina generally contends the councilmembers violated the conflict of interest laws when they directed the city attorney to withdraw a motion for reconsideration at the July 11, 2002, regular meeting. Since the councilmembers were once a named party to the lawsuit, Pina says it was improper for them to take action upon the issue. To support his allegation, Pina provided a videotape of the meeting.[1]
Third, Pina generally alleges Councilmember Peterson violated the conflict of interest laws when he engaged in matters having a potential effect on his personal tow truck business. He claims that Peterson has a potential pecuniary interest in some council matters. To support his allegation, Pina attached a four-page complaint against Peterson concerning a separate civil lawsuit filed against him. The complaint comes from a citizen's group lawsuit, alleging similar misconduct as challenged by Pina in his petition.
Finally, Pina generally alleges that the councilmembers violated the OPMA when they met and signed a letter on July 12, 2002, directing the city attorney to hire outside counsel to represent them. To support his allegation, Pina attached a copy of the letter to his petition.
The prosecutor drafted the ballot synopses after receiving additional information from petitioner's counsel. The petitioner did not sign the additional information or verify under oath that he believed the charges to be true and that he had knowledge of the facts as required by RCW 29.82.010.
*172 The trial court found that the charges were factually insufficient, legally insufficient, or both, for several reasons: (1) It determined that the charges pertaining to the city attorney's termination, the promotion of the assistant city attorney, and the legal defense of the councilmembers were legally insufficient because the officials were acting within their lawful discretionary authority and the petition failed to identify the specific legal violations; (2) it found that the charge relating to improper notice at the March 13, 2002, special meeting was factually insufficient because the legally required notice was given and all council-members attended; (3) it determined that the charges were factually insufficient because they failed to show that the councilmembers intended to violate the law; and (4) it found that the charges failed to satisfy RCW 29.82.010 because the petitioner failed to satisfy the specificity requirements, failed to sign the charges forming the bases for the recall, and failed to verify under oath that he believed the facts to be true and had some knowledge of the facts.

ISSUE
Are the alleged charges factually sufficient in terms of the specificity required under RCW 29.82.010?

ANALYSIS
The sufficiency of a recall petition is reviewed de novo. Teaford v. Howard, 104 Wash.2d 580, 590, 707 P.2d 1327 (1985). An elected official can only be recalled for cause. Chandler v. Otto, 103 Wash.2d 268, 274, 693 P.2d 71 (1984). To satisfy this requirement, a petition must be both factually and legally sufficient. Id. This inquiry is determined from the face of the petition. In re the Recall of Zufelt, 112 Wash.2d 906, 914, 774 P.2d 1223 (1989).
Factual sufficiency means the facts must establish a prima facie case of misfeasance, malfeasance, or violation of the oath of office (quantitative prong). Cole v. Webster, 103 Wash.2d 280, 285, 692 P.2d 799 (1984). The facts must also be stated in concise language and provide a detailed description that includes the date, location and nature of each allegation (qualitative prong). RCW 29.82.010; Chandler, 103 Wash.2d at 274, 693 P.2d 71. This precision and detail is required to enable the electorate and a challenged official to make informed decisions. Chandler, 103 Wash.2d at 274, 693 P.2d 71. Although there is no requirement that the petitioner have firsthand knowledge of the facts, he or she must have some knowledge of the facts underlying the charges. In re the Recall of Ackerson, 143 Wash.2d 366, 372, 20 P.3d 930 (2001). A simple belief that the charges are true is insufficient. Id. Furthermore, when a charge concerns a violation of the OPMA, the facts must show that the official intended to violate the OPMA. In re the Recall of Anderson, 131 Wash.2d 92, 95, 929 P.2d 410 (1997).
Legal sufficiency means the charge must define substantial conduct clearly amounting to misfeasance, malfeasance or a violation of the oath of office. Id. Legal sufficiency is not satisfied when there is a legal justification for the challenged official's conduct. In re the Recall of Wade, 115 Wash.2d 544, 549, 799 P.2d 1179 (1990). As such, lawful discretionary acts are not a sufficient legal basis for a recall. Chandler, 103 Wash.2d at 274, 693 P.2d 71.
A reviewing court does not have the authority to look at the truthfulness of a charge or to question the underlying motivation. Cole, 103 Wash.2d at 288, 692 P.2d 799. Instead, a reviewing court must consider whether, accepting the allegations as true, the charges on their face support the conclusion that the officer abused his or her position. Teaford, 104 Wash.2d at 586, 707 P.2d 1327.
On the face of his petition, Pina makes general statements as to the violations without citing specific legal authority. He then attempts to support his allegations by providing videos, complaints from other lawsuits and a copy of a letter. Although the attachments may contain some relevant information, a significant amount of the information is irrelevant. Pina fails to parse out the relevant from irrelevant information in order to clearly identify the legal violations *173 and the facts that support those violations as required by RCW 29.82.010. The petition must provide a concise statement of the legal violations and a detailed description of the acts to inform the electorate and the official being charged. Chandler, 103 Wash.2d at 274, 693 P.2d 71. Pina's petition fails to satisfy this specificity requirement. If a petitioner chooses to refer to attached information, he or she must reasonably identify the information in such a manner to satisfy the specificity requirements of RCW 29.82.010. A general reference to sources containing relevant and irrelevant information is insufficient.
Pina's failure to satisfy the specificity requirements was also observed by the prosecutor tasked with developing the ballot synopses. The prosecutor initially rejected the petition because it did not contain a concise statement of the charges. The petitioner's counsel then sent a letter to the prosecutor containing revised recall charges with additional facts. This letter, however, did not satisfy the petition requirements of RCW 29.82.010. Furthermore, the petitioner did not sign the letter, affirm or adopt the revised charges, or verify under oath that he believed the revised charges to be true as required by statute. Despite these formal deficiencies, the prosecutor drafted the ballot synopses. The prosecutor should have rejected the additional information because it did not remedy the original deficiencies and Pina did not file an amended petition.
Because Pina's petition does not satisfy the qualitative prong of the factual sufficiency analysis, we do not need to reach the other elements of the analysis. See Zufelt, 112 Wash.2d at 914, 774 P.2d 1223 (a petition failing either the factual or legal sufficiency review is insufficient).

CONCLUSION
We affirm the trial court's decision to dismiss with prejudice because the petition does not satisfy the specificity requirements of RCW 29.82.010.
NOTES
[1] The petition also refers to an Exhibit C. The record on appeal does not contain this exhibit. Although it likely has something to do with the council minutes (Clerk's Papers at 68), we elect not to make a presumption.