**FILE**

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
FEBRUARY 26, 2026

*[signature]*
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
FEBRUARY 26, 2026

*[signature]*
SARAH R. PENDLETON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| In the Matter of the Recall of | ) | No. 103800-3 |
|  | ) |  |
| EMILY CLOUSE, | ) |  |
|  | ) | EN BANC |
| Thurston County Commissioner, | ) |  |
| District 5. | ) | Filed: February 26, 2026 |
| _____ | ) |  |

MONTOYA-LEWIS, J.[*]—Arthur West filed a recall petition against Thurston County Commissioner Emily Clouse. In his petition, he alleges Clouse committed a recallable offense by hiring an individual as her assistant despite having a personal relationship with the person. West also alleges that while engaged in the personal relationship, Clouse accepted money and some gifts from the individual and did not provide repayment. We conclude that none of the charges are both factually and legally sufficient. Therefore, we affirm the trial court's decision to dismiss the petition.

---

[*] I would like to thank my extern, Meg Sayre-Salvo, for her assistance in drafting this opinion.

FACTUAL BACKGROUND

Clouse is an elected county commissioner in Thurston County, Washington. Clouse hired as her subordinate an unidentified person with whom she had a preexisting personal, intimate relationship. Clouse alleged that her previous hire "had not met her performance expectations" and that she "wanted to hire someone whom she already knew and whom she believed could perform the job duties." Clerk's Papers (CP) at 27. Prior to hiring the individual, Clouse reviewed the Thurston County policies regarding nepotism and conflicts of interest and found no restrictions related to dating another individual at work, including subordinates. Clouse and the employee both claimed they kept their professional relationship separate from their personal relationship while together. They ended their personal relationship about a month after the employee was hired, but they continued to work together until Clouse terminated the employee in July 2024.

Following the termination, the county appointed a third-party investigator who determined that during their personal relationship, Clouse and the employee had discussed Clouse's desire to visit Japan, and the employee sent her $1,500 for a plane ticket to travel there. The investigator was unable to determine if this was intended to be a loan or a gift, as the parties disagreed. The employee also transferred $50 to Clouse for gas on one occasion; he did not ask for repayment, and Clouse did not repay him. Additionally, the employee occasionally bought Clouse coffee,

food, and gifts while they were engaged in a personal relationship, and she did not reimburse him. The investigator also found that the employee "did not identify any statement or action by [Clouse] that directly or indirectly suggested that any aspect of his job . . . was dependent on or otherwise tied to any . . . relationship or conduct with her." *Id.* at 37.

## PROCEDURAL HISTORY

West is a registered voter in Thurston County. West filed a statement of charges, requesting a recall of Clouse. The prosecutor's office filed a petition and ballot synopsis alleging "that Emily Clouse, as Thurston County Commissioner, committed misfeasance, malfeasance, and/or violated her oath of office." *Id.* at 57. Charges one and two, as amended by the trial court, alleged Clouse had "selected for employment as her subordinate" an individual with whom she had a personal relationship, continued the relationship after hiring him, and accepted $1,550 and other items "from the employee for her personal use without identifying whether she needed to repay the employee." *Id.* at 101 (underline omitted). Charges three, four, and five alleged she benefited from the relationship while creating a risk for the county, failed to proactively limit that risk, and acted in a manner inconsistent with the behavioral requirements of the county's "Ethics and Conflict of Interest Policy" and "Employee Conduct Statement."

The trial court concluded charges three, four, and five were factually insufficient because they failed "to include any specific acts, dates, or times" and could not "be reasonably corrected from the materials" supplied with the petition. *Id.* at 102. The trial court amended charges one and two, adding specific dates and rephrasing the charges, and deemed them factually sufficient with the added specificity.

As to the legal sufficiency of charges one and two, the trial court found that the petition did not include an allegation of the legal standard, rule, or law Clouse violated, a requisite to a finding of legal sufficiency. The trial court further concluded charges one and two relied "upon an appearance of impropriety without explaining 'how this relationship constituted misfeasance, malfeasance, or a violation of the oath of office'" and failed to explain the duty carried out in an improper manner. *Id.* at 105 (quoting *In re Recall of Bolt*, 177 Wn.2d 168, 181, 298 P.3d 710 (2013)). Therefore, the trial court found any alleged benefits did not rise to the level of substantial conduct clearly amounting to misfeasance, malfeasance, or a violation of the oath of office and the charges were not legally sufficient. Accordingly, the trial court dismissed the petition for recall. West appealed.

ANALYSIS

Washington voters have a constitutional right to petition to recall an elected official who has "committed some act or acts of malfeasance or misfeasance while in office, or who has violated [their] oath of office." WASH. CONST. art. I, § 33. "It is up to the voters to determine whether the charges are true and, if so, whether they in fact justify recalling the official." *In re Recall of Durkan*, 196 Wn.2d 652, 663, 476 P.3d 1042 (2020). But, before a recall petition can be put before the voters, the court must evaluate the sufficiency of the charges. RCW 29A.56.140. In a recall proceeding, the court acts as a gatekeeper to ensure elected officials are not subjected to frivolous, harassing, or unsubstantiated charges. *In re Recall of West*, 155 Wn.2d 659, 662, 121 P.3d 1190 (2005). Though the court does not evaluate the truthfulness of the charges, it must evaluate their sufficiency. RCW 29A.56.140.

An elected official can be recalled only for cause, which means the petition must be both factually and legally sufficient. *In re Recall of Inslee*, 194 Wn.2d 563, 567, 451 P.3d 305 (2019). If a charge fails one prong—factual or legal sufficiency—it is insufficient. *See In re Recall of Kast*, 144 Wn.2d 807, 816-19, 31 P.3d 677 (2001) (dismissing a charge that was factually sufficient but legally insufficient). This court reviews a recall petition's factual and

5

legal sufficiency de novo. *In re Recall of Wasson*, 149 Wn.2d 787, 791, 72 P.3d 170 (2003).

A recall petition is factually sufficient if it states the "acts or failure to act which without justification would constitute a prima facie showing of misfeasance, malfeasance, or a violation of the oath of office." *Chandler v. Otto,* 103 Wn.2d 268, 274, 693 P.2d 71 (1984). Factual sufficiency requires that the petition provide specific details, including the date, location, and nature of the alleged act(s). RCW 29A.56.110.

A recall petition is legally sufficient if it states with specificity "substantial conduct clearly amounting to misfeasance, malfeasance or violation of the oath of office." *Chandler*, 103 Wn.2d at 274. "To establish legal sufficiency, petitioners must identify the 'standard, law, or rule that would make the officer's conduct wrongful, improper, or unlawful.'" *Bolt*, 177 Wn.2d at 174 (quoting *In re Recall of Ackerson*, 143 Wn.2d 366, 377, 20 P.3d 930 (2001)). For the purpose of recall, a finding of misfeasance or malfeasance requires a demonstration not only of wrongful conduct—whether through the improper performance of a duty or through an unlawful act—but also that the wrongful conduct "affect[ed], interrupt[ed], or interfere[d] with the performance of official duty." RCW 29A.56.110(1). A finding of a violation of the oath of office requires a failure by the elected individual to "perform faithfully

6

a duty imposed by law." RCW 29A.56.110(2). If a recall charge is based on acts taken pursuant to an official's discretionary authority, the petition must show that "the official exercised discretion in a manifestly unreasonable manner." *In re Recall of Shipman*, 125 Wn.2d 683, 685, 886 P.2d 1127 (1995). "A legally cognizable justification for an official's conduct renders a recall charge insufficient." *In re Recall of Pearsall-Stipek*, 136 Wn.2d 255, 264, 961 P.2d 343 (1998). Both factual and legal sufficiency are required for a recall petition to proceed to the voters.

I.      Factual Sufficiency

West argues that the trial court erred in dismissing the recall petition because the charges were factually sufficient. Charges three and four refer to a vague, undefined benefit received by Clouse because of the personal relationship with the employee and suggest that she increased the risk of an adverse employment claim and failed to limit such risk to the county. Charge five alleges that her general conduct was inconsistent with behavioral requirements and expectations included in Thurston County policy. None of those charges contain dates, locations, or specific acts. They are, therefore, factually insufficient. RCW 29A.56.110.

Charges one and two, however, as amended by the trial court, both include specific acts taken by Clouse. Charge one highlights the acts of selecting for employment and continuing to employ as her subordinate someone with whom she had a personal relationship. Charge two describes the act of accepting a specific

7

quantity of money from the subordinate employee for personal use without clarifying whether she needed to repay the employee. Additionally, the trial court was able to supply dates for those actions in amended charges one and two. Both charges contain sufficient specificity of time and acts to allow for an evaluation of whether the acts constitute a prima facie showing of misfeasance, malfeasance, or a violation of the oath of office. RCW 29A.56.110. The trial court, therefore, correctly determined that charges one and two are factually sufficient.

However, both factual and legal sufficiency are required to progress on a recall petition. *Inslee*, 194 Wn.2d at 567. Therefore, we must also evaluate charges one and two for legal sufficiency. *Id.*

II.     Legal Sufficiency

Charges one and two are not legally sufficient because they fail to (1) identify a standard that renders Clouse's conduct wrongful, (2) show her conduct was manifestly unreasonable, or (3) state how her conduct affected her performance of official duties. With these key pieces of information missing from the charges, a voter would not have enough information to make an informed evaluation as to whether Clouse's conduct amounts to misfeasance, malfeasance, or a violation of the oath of office. While it may have been ill advised to hire someone with whom she had a personal relationship, West has failed to identify how Clouse's actions rise to the level of a recallable offense under RCW 29A.56.110.

First, West fails to identify the requisite standard, law, or rule that would establish Clouse's conduct in charges one and two as wrongful, improper, or unlawful. *Bolt*, 177 Wn.2d at 174. On their face, neither charge references any standard, law, or rule at all. While the sufficiency of the charge must be determined from the face of the petition, we have at times looked beyond the charges—to the supporting documentation—when evaluating whether the charges are factually sufficient. *In re Recall of Zufelt*, 112 Wn.2d 906, 914, 774 P.2d 1223 (1989); *West*, 155 Wn.2d at 663. Construing the requirements of the recall statutes in favor of the voter, we will consider the supporting documentation to evaluate the legal sufficiency in this instance. *West*, 155 Wn.2d at 663 ("Technical violations of the governing statutes are not fatal so long as the charges, read as a whole, give the elected official enough information to respond to the charges and the voters enough information to evaluate them."). Even given the most generous reading of the petition and supplemental material here, West's petition fails to give sufficient notice of the legal grounds for recall.

The petition does reference, in passing, the county Ethics and Conflict of Interest Policy and the Employee Conduct Statement, and the supplemental investigative report includes excerpts of these policies. However, the inclusion of supplemental materials vaguely referencing policies does not make the charges sufficient when the petition fails to parse through the supplemental material to

"clearly identify the legal violations and the facts that support those violations," as required by the recall statute. *Wasson*, 149 Wn.2d at 792. Here, neither the petition nor the supplemental report offers any explanation as to *which* provision of the policies Clouse's conduct allegedly violated or *how* Clouse's conduct violated the policies. *See West*, 155 Wn.2d at 667 (a recall petition must give fair notice of the charges). Even considering the documents that supplement the recall petition, these charges are still not "specific enough to give the elected official meaningful notice of the particular conduct challenged and why it is grounds for recall." *In re Recall of Boldt*, 187 Wn.2d 542, 549, 386 P.3d 1104 (2017).

West relies heavily on *In re Recall of West* to support his legal sufficiency argument. 155 Wn.2d 659. He suggests the charges in *West* are "legally analogous" to the charges here because they relate to an inappropriate relationship that affected the performance of an official duty. Appellant's Opening Br. at 21. However, there is a key difference between *West* and this case: in *West*, this court held that "[t]he charge raise[d] the inference that Mayor West sought to capitalize on his elected office and influence in order to pursue a sexual relationship with a young person." 155 Wn.2d at 667. The mayor's act of offering an internship to an 18-year-old high school student in exchange for a potential sexual relationship was of a quid pro quo nature. *See id.* In contrast, here, Clouse's personal relationship with the individual predated their professional relationship, and nothing suggested his job was

dependent on any relationship or conduct with Clouse. This petition does not allege a quid pro quo relationship to Clouse's benefit like in *West*.

A recall petition must identify the standard, rule, or law that would make the elected official's conduct wrongful, improper, or unlawful. *Bolt*, 177 Wn.2d at 174. Simply stating that the acts were wrongful conduct is not sufficient. The mere appearance of impropriety caused by Clouse's preexisting personal relationship with and acceptance of money from the subordinate does not, on its own, rise to the level of misfeasance, malfeasance, or a violation of the oath of office. *See Bolt*, 177 Wn.2d at 181 (holding that creation of the appearance of conflict of interest and unfairness due to a close personal relationship between two officials was legally insufficient without explanation of how the relationship constituted misfeasance, malfeasance, or a violation of the oath of office). Without explanation of why the conduct constituted misfeasance, malfeasance, or a violation of the oath of office, charges one and two are legally insufficient.

Second, although Clouse's conduct in hiring and continuing to employ the employee constitutes the exercise of discretionary authority, the petition does not show her behavior was manifestly unreasonable. *Shipman*, 125 Wn.2d at 685. Accepting money from a subordinate employee is not an act of discretionary authority as it is unrelated to Clouse's duties. However, hiring and continuing to employ a subordinate with whom Clouse had a personal relationship is

11

a discretionary act of a county commissioner. But, even if ill advised, Clouse's exercise of her discretion in hiring the employee with whom she had an existing personal relationship and in continuing to engage in the relationship with the employee as her subordinate is not manifestly unreasonable, nor was it prohibited by the county's own policies.

An exercise of discretion for untenable grounds or for untenable reasons is an abuse of discretion. *Inslee*, 194 Wn.2d at 572. But here, there are tenable grounds on which Clouse may have chosen to employ the individual: the position already existed and was open, Clouse was looking for someone she already knew could perform the job duties, there are no allegations this individual was not qualified or competent to perform in that role, and Clouse consulted Thurston County policies regarding nepotism and conflicts of interest and confirmed dating within in the workplace was not prohibited. In contrast to *West*, where there was no legally cognizable justification for the quid pro quo sexual proposition of an 18-year-old high school student in exchange for an internship offer at issue, there were tenable grounds for Clouse's action. 155 Wn.2d at 664, 667. Clouse's ultimate hiring decision may have been unwise, but it was not manifestly unreasonable.

Third, the petition fails to identify how this hiring decision or payment affected, interrupted, or interfered with the performance of Clouse's official duties, as required by the recall statute. *See* RCW 29A.56.110(1). There is no allegation

12

of favoritism in Clouse's treatment of the subordinate employee versus other employees. Nor is there a suggestion that the relationship or payment distracted Clouse from her duties or impacted the way she carried out her duties. The investigative report confirmed that both Clouse and the subordinate employee believed they kept their professional relationship separate from their personal relationship while together, and they continued working together without issue for a time after separating.

The lack of a quid pro quo act precludes the finding of an *inference* that her duties were impacted by the personal relationship. *See West*, 155 Wn.2d at 666-67 (holding that the mayor's quid pro quo act raised an inference that he committed wrongful conduct that affected his performance of official duty). In *West*, the mayor argued that sending an e-mail to someone interested in an internship did not affect the performance of his official duties. *Id.* at 667. However, this court held that this was an overly narrow articulation of the charge and found that the charge raised an inference that the mayor "sought to capitalize on his elected office and influence in order to pursue a sexual relationship with a young person." *Id.* In contrast, Clouse's acts of hiring and accepting money were not of a quid pro quo nature and, therefore, did not raise an inference that she performed her official duties in a different or particular way in order to initiate or foster an inappropriate relationship. The investigator concluded that the employee "did not identify

any statement or action by [Clouse] that directly or indirectly suggested that any aspect of his job . . . was dependent on or otherwise tied to any . . . relationship or conduct with her." CP at 37. The failure to identify how Clouse's actions affected, interrupted, or interfered with the performance of Clouse's official duties also leads to a conclusion of legal insufficiency. RCW 29A.56.110.

Recall petitions must be both factually and legally sufficient. *Inslee*, 194 Wn.2d at 567; *Kast*, 144 Wn.2d at 818. The failure of charges one and two to meet the prong of legal sufficiency means they are insufficient overall. *Inslee*, 194 Wn.2d at 567. Therefore, none of the five charges pass both the factual and legal sufficiency prongs required for the petition to move forward in the recall process.

CONCLUSION

Recall charges "must be specific enough to give the elected official meaningful notice of the particular conduct challenged and why it is grounds for recall." *Boldt*, 187 Wn.2d at 549. None of the charges in this petition meet that standard. Charges three, four, and five lack the requisite specificity and are factually insufficient. While charges one and two are factually sufficient, they are legally insufficient because they fail to identify how Clouse's actions rise to the level of misfeasance, malfeasance, or a violation of the oath of office, necessary to support a recall action. Therefore, we affirm the trial court's dismissal of the petition.

14

WE CONCUR:

_____
Montoya-Lewis, J.

_____
Stephens, C.J.

_____
Gordon McCloud, J.

_____
Johnson, J.

_____
Whitener, J.

_____

_____
Mungia, J.

_____
González, J.

_____
[ w.'LOROVO ]

No. 103800-3

MADSEN, J. (concurring)—I completely agree with the majority

opinion. I write separately because I cannot join the asterisk note as it is outside of our

appellate record. RAP 9.1(a) (appellate courts consider only the record on review).

    Accordingly, I respectfully concur.

_____
                  Madsen, J.