

**FILE**
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE **OCT 3 1 2019**

_CHIEF JUSTICE_

This opinion was
filed for record
at 8 a.m on Oct 31 2019

Susan L. Carlson
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Recall of | No. 96765-2 |
| JAY INSLEE, Governor of the State of Washington. | En Banc |
| | Filed **OCT 3 1 2019** |

MADSEN, J.—Arthur West appeals from a Thurston County Superior Court judgment finding the charges in his petition to recall Governor Jay Inslee to be legally and factually insufficient to submit to voters. In his recall petition, West alleged the governor was absent from Washington too frequently and failed to properly notify the lieutenant governor of these absences, failed to declare homelessness a statewide emergency, and improperly campaigned for a ballot initiative. The trial court held that the charges were factually and legally insufficient. We affirm.

## FACTS

On December 13, 2018, West filed a petition to recall Governor Inslee. The Washington State Attorney General's Office properly prepared a ballot synopsis and

No. 96765-2

petitioned for the Thurston County Superior Court to determine the sufficiency of the

charges.

The ballot synopsis read:

> The charge that Jay Inslee, as Governor of Washington, committed
> misfeasance, malfeasance, and/or violated his oath of office alleges:
> 1. That Governor Inslee abdicated his duties as Governor of the
>    State of Washington and created a vacancy in that office by
>    taking 32 trips outside of Washington as of August 2018 and by
>    frequently being absent from the State after that date;
> 2. That Governor Inslee maintains a residence on Bainbridge Island
>    and maintains books, papers, and public records of the Office of
>    Governor in Washington D.C. in violation of article III, section
>    24 of the Washington Constitution;
> 3. That Governor Inslee failed to ensure environmental, nuisance,
>    and criminal laws have been faithfully executed throughout the
>    State, including by the City of Olympia, and allowed the City of
>    Olympia to usurp the emergency powers of the Governor;
> 4. That Governor Inslee failed to use his executive powers to
>    address homelessness and failed to ensure the integrity and
>    continuity of government faced with a public health and safety
>    emergency;
> 5. That Governor Inslee improperly used state resources and the
>    authority of his office to campaign for an environmental
>    initiative.
> Should Jay Inslee be recalled from office based on these charges?

Clerk's Papers (CP) at 38. The trial court approved the ballot synopsis and found each of

the charges to be insufficient to support a recall. The court also declined to correct the

ballot synopsis as requested by West. West then moved for reconsideration and filed a

notice of appeal.

2

No. 96765-2

## ANALYSIS

Washington voters may recall any elected, nonjudicial public officer who "has committed some act or acts of malfeasance or misfeasance while in office, or who has violated his [or her] oath of office." WASH. CONST. art. I, § 33. The recall process is governed by RCW 29A.56.110 through .140.

An elected official can be recalled only for cause, meaning the petition must be factually and legally sufficient. *Chandler v. Otto*, 103 Wn.2d 268, 274, 693 P.2d 71 (1984). Whether the charges are factually and legally sufficient is determined by the superior court where the officer subject to recall resides. RCW 29A.56.130-.140. The court must determine sufficiency from the face of the petition. *In re Recall of Zufelt*, 112 Wn.2d 906, 914, 774 P.2d 1223 (1989).

A recall "'charge, taken as a whole . . . , must be specific enough to give the elected official meaningful notice of the particular conduct challenged and why it is grounds for recall.'" *In re Recall of Pepper*, 189 Wn.2d 546, 553, 403 P.3d 839 (2017) (alteration in original) (quoting *In re Recall of Boldt*, 187 Wn.2d 542, 549, 386 P.3d 1104 (2017)). In recall cases, courts do not consider the truth of the charges, only the sufficiency. RCW 29A.56.140; *In re Recall of Lindquist*, 172 Wn.2d 120, 131-32, 258 P.3d 9 (2011).

This court reviews the sufficiency of a recall petition de novo. *Teaford v. Howard*, 104 Wn.2d 580, 590, 707 P.2d 1327 (1985). A charge is factually sufficient if

3

the facts "establish a prima facie case of misfeasance, malfeasance, or violation of the oath of office" and are "stated in concise language and provide a detailed description" in order to "enable the electorate and a challenged official to make informed decisions." *In re Recall of Wasson*, 149 Wn.2d 787, 791, 72 P.3d 170 (2003) (citing *Cole v. Webster*, 103 Wn.2d 280, 285, 692 P.2d 799 (1984); *Chandler*, 103 Wn.2d at 274). The petitioner must have some knowledge of the facts underlying the charges. *In re Recall of Ackerson*, 143 Wn.2d 366, 372, 20 P.3d 930 (2001). Where the charge alleges the official violated the law, the facts must show the official intended to do so. *In re Recall of Wade*, 115 Wn.2d 544, 549, 799 P.2d 1179 (1990).

A charge is legally sufficient if it defines "substantial conduct clearly amounting to misfeasance, malfeasance or a violation of the oath of office" and there is no legal justification for the challenged conduct. *Wasson*, 149 Wn.2d at 791-92.

RCW 29A.56.110 defines malfeasance and misfeasance:

> (1) "Misfeasance" or "malfeasance" in office means any wrongful conduct that affects, interrupts, or interferes with the performance of official duty;
> (a) Additionally, "misfeasance" in office means the performance of a duty in an improper manner; and
> (b) Additionally, "malfeasance" in office means the commission of an unlawful act.

Lawful, discretionary acts are not a basis for recall. *Chandler*, 103 Wn.2d at 274. The burden is on the petitioner to identify the "'standard, law, or rule that would make the officer's conduct wrongful, improper, or unlawful.'" *Pepper*, 189 Wn.2d at 554-55

4

No. 96765-2

(internal quotation marks omitted) (quoting *In re Recall of Bolt*, 177 Wn.2d 168, 181, 298 P.3d 710 (2013)).

A reviewing court must not consider the truthfulness of the charges but, instead, must accept the allegations as true and determine whether the charges on their face support the conclusion that the officer abused his or her position. *Cole*, 103 Wn.2d at 287; *Teaford*, 104 Wn.2d at 586.

Charge 1: frequent travel outside of Washington

This charge alleges that Governor Inslee's frequent out-of-state travels created a vacancy in his office. At the hearing on the recall petition, West argued that Governor Inslee also violated RCW 43.06.040 because he asked the secretary of state—not the lieutenant governor—to act as head executive during his absences. Verbatim Report of Proceedings (VRP (oral argument)) at 12, 14. The trial court found this charge insufficient and included West's additional allegation regarding the delegation of duties to the secretary of state. Verbatim Report of Proceedings (VRP (ruling of the court)) at 5-6. We hold that charge 1 is legally insufficient.

RCW 43.06.040 provides that

[i]f the governor absents himself or herself from the state, he or she *shall*, prior to his or her departure, notify the lieutenant governor of his or her proposed absence, and during such absence the lieutenant governor *shall* perform all the duties of the governor.

5

(Emphasis added.) West argued that .040 requires the lieutenant governor alone to act as Washington's executive officer when the governor is absent. *See* VRP (oral argument) at 23-24; Appellant's Opening Br. at 28. But the statute does not support this reading; indeed, .040 is silent on the very situation West objects to: what official may act as governor when both the governor and lieutenant governor are absent.

Moreover, .040 requires the governor to notify the lieutenant governor of any planned absences, and the record does not indicate that Governor Inslee failed to do so. West submitted numerous letters from Governor Inslee to Secretary of State Kim Wyman recognizing the notification requirement and asking the secretary to act as governor because the lieutenant governor was unavailable. That these letters note the lieutenant governor's unavailability indicates Governor Inslee provided notice as required by .040. West fails to show the governor's conduct constitutes malfeasance, misfeasance, or violation of his oath of office. RCW 29A.56.110(1).

Even assuming .040 allows only the lieutenant governor to act as governor, there is no indication that Governor Inslee intended to commit an unlawful act when asking the secretary of state to fill that role. *Boldt*, 187 Wn.2d at 549 (citing *In re Recall of Telford*, 166 Wn.2d 148, 158, 206 P.3d 1248 (2009)). The governor's letters show that he was aware of .040 and, because the lieutenant governor was unavailable, that he asked Secretary Wyman to step in. These letters show the governor's intent to abide by .040, not to violate it.

The allegation on vacancy is similarly insufficient. West asserted that Governor Inslee's frequent travel created a vacancy in the office, but West provides no legal definition of "vacancy" or argument on what constitutes such a vacancy, e.g., how many trips outside the state amount to a vacant office. *Pepper*, 189 Wn.2d at 554-55. The State explains that RCW 42.12.010 determines when an elective office becomes vacant, and travel is not included.[1] Resp. Br. of Jay Inslee at 12-13. This charge is insufficient.

Charge 2: improper residence and maintenance of official papers

In charge 2, the recall petition alleges that Governor Inslee improperly maintained a residence outside the seat of government in Olympia, Washington, and maintained his

---

[1] RCW 42.12.010 provides that
[e]very elective office shall become vacant on the happening of any of the following events:
(1) The death of the incumbent;
(2) His or her resignation. A vacancy caused by resignation shall be deemed to occur upon the effective date of the resignation;
(3) His or her removal;
(4) Except as provided in RCW . . . 3.50.057, his or her ceasing to be a legally registered voter of the district, county, city, town, or other municipal or quasi municipal corporation from which he or she shall have been elected or appointed, including where applicable the council district, commissioner district, or ward from which he or she shall have been elected or appointed;
(5) His or her conviction of a felony, or of any offense involving a violation of his or her official oath;
(6) His or her refusal or neglect to take his or her oath of office, or to give or renew his or her official bond, or to deposit such oath or bond within the time prescribed by law;
(7) The decision of a competent tribunal declaring void his or her election or appointment; or
(8) Whenever a judgment shall be obtained against that incumbent for breach of the condition of his or her official bond.

books and papers not in our state capital but in Washington, D.C., violating article III, section 24 of our constitution.[2] We hold that charge 2 is factually insufficient.

West admitted at the sufficiency hearing that the residence issue "is not the strongest claim" and that he had no "personal knowledge as to where the Governor is at each point of the day. That one, I think, could properly be removed." VRP (oral argument) at 11. The State asserts that West abandoned this claim (Resp. Br. of Jay Inslee at 14-15), but because West equivocated on the point at trial and argued it in his briefing here, we address it below. Appellant's Resp. Br. at 15-18.

First, the residency charge is factually insufficient because it does not specifically identify conduct or behavior indicating Governor Inslee intended to reside outside Olympia. A recall petition's charges must provide a detailed description of facts establishing a prima facie case of misfeasance, malfeasance, or violation of the oath of office. *Wasson*, 149 Wn.2d at 791. West made general allegations that Governor Inslee has a residence on Bainbridge Island and an office in Washington, D.C. *See* Appellant's Opening Br. at 39-40; *see also In re Recall of Kelley*, 185 Wn.2d 158, 165, 369 P.3d 494 (2016) (finding a charge that an official did not reside in Olympia factually insufficient for failing to provide proof of residency violations).

---

[2] Article III, section 24 states that

> [t]he governor, secretary of state, treasurer, auditor, superintendent of public instruction, commissioner of public lands and attorney general shall severally keep the public records, books and papers relating to their respective offices, at the seat of

Second, West presents no evidence that the governor intended to violate article III, section 24. While some inferences are permissible in a recall petition, on the whole, the facts must indicate an intention to violate the law. *Telford*, 166 Wn.2d at 158; *see also In re Recall of Carkeek*, 156 Wn.2d 469, 128 P.3d 1231 (2006). Maintaining an office outside the state and spending time away from Olympia, without more, does not allege misfeasance, malfeasance, or violation of an oath of office.

<u>Charges 3 and 4: failure to declare homelessness a statewide emergency</u>

Charges 3 and 4 allege that the governor had a duty to declare a state of emergency to address homelessness. West argues that because Governor Inslee must ensure state environmental, criminal, and nuisance laws are faithfully executed, it was manifestly unreasonable not to declare an emergency. Appellant's Opening Br. at 17-19. Moreover, West contends, the governor's failure to do so allowed local governments to usurp state power. *Id.* at 23-27, 29-38.

We have held that "'discretionary acts of a public official are not a basis for recall insofar as those acts are an appropriate exercise of discretion by the official in the performance of his or her duties.'" *Bolt*, 177 Wn.2d at 174 (quoting *Cole*, 103 Wn.2d at 283). An official may be recalled for execution of discretionary acts only if the execution of that discretion is done "'in a manifestly unreasonable manner.'" *Id.* (quoting *In re*

---

government, at which place also the governor, secretary of state, treasurer and auditor shall reside.

9

*Recall of Shipman*, 125 Wn.2d 683, 685, 886 P.2d 1127 (1995)). A clear abuse of discretion may be shown by demonstrating discretion was exercised for untenable grounds or for untenable reasons. *Cole*, 103 Wn.2d at 284-85 (citing *Wilson v. Bd. of Governors*, 90 Wn.2d 649, 656, 585 P.2d 136 (1978)).

Declaring an emergency is a discretionary act. RCW 43.06.010(12) states:

The governor *may*, after finding that a public disorder, disaster, energy emergency, or riot exists within this state or any part thereof which affects life, health, property, or the public peace, proclaim a state of emergency in the area affected.

(Emphasis added.) Governor Inslee is not required to declare an emergency, and West does not articulate why the choice not to execute this discretionary act was manifestly unreasonable. It is apparent that cities and counties in Washington State are facing a homelessness crisis; but this fact alone does not make the governor's inaction in declaring an emergency manifestly unreasonable.

Accompanying his statement of charges, West provided letters from local governments asking the governor to declare an emergency, and he also provides legislative measures recognizing the problem of homelessness. *E.g.*, CP at 19-21 (Olympia city ordinance related to homelessness), 36-37 (letter from the mayor of Bellingham asking Governor Inslee to declare a state of emergency around homelessness). These materials do not establish or show the existence of a duty. They also fail to show that Governor Inslee's inaction is manifestly unreasonable.

10

West's general allegation that the existence of a crisis requires an emergency declaration is not sufficiently detailed to make a prima facie case of misfeasance, malfeasance, or violation of the oath of office. *Wasson*, 149 Wn.2d at 791.

The allegation that local governments usurped state power cannot be the basis of recall. We have said that "[t]here is no authority for the proposition that a public official may be recalled for the past conduct of a wholly separate governmental agency." *In re Recall of Reed*, 156 Wn.2d 53, 58, 124 P.3d 279 (2005). Similarly, this court can find no authority, nor does West provide any, for the position that an official may be recalled for the past conduct of a separate governmental *entity*—in this case, a local government. The trial court correctly found that charges 3 and 4 were factually and legally insufficient.

Charge 5: improper campaign activities

Finally, charge 5 alleges that Governor Inslee improperly campaigned for passage of Initiative 1631 (I-1631), relating to pollution. At the hearing on his petition, West asserted that the governor could legally make "neutral statements concerning the support of [his] office for the initiative," VRP (oral argument) at 5, but appearing at media events and in campaign commercials was improper. *Id.* The trial court found that an elected official can use only de minimis state resources when campaigning for a legislative measure and that there was no evidence presented that Governor Inslee intended to violate campaign finance laws. VRP (ruling of the court) at 8. Thus, the court found this charge to be factually insufficient. *Id.* at 9. We agree.

11

Here, West contends that the governor engaged in an improper relationship with every voter in Washington by making personal appearances and attending media events promoting I-1631. Appellant's Opening Br. at 16. West submitted communications from the governor's policy staff concerning I-1631, which show staff providing Governor Inslee with materials for a campaign event. West also provided the agenda for a meeting of the Affiliated Tribes of Northwest Indians General Assembly, in which Governor Inslee expressed his support for the carbon pricing initiative, I-1631.

State officers are prohibited from using the facilities of an agency to promote or oppose a ballot proposition. RCW 42.52.180(1). But an official may comment on a proposition, provided there is no actual, measurable expenditure of public funds. RCW 42.52.180(2)(b). State law allows "[d]e minimis use of public facilities by statewide elected officials . . . incidental to the preparation or delivery of permissible communications, including written and verbal communications initiated by them of their views of ballot propositions." RCW 42.52.180(2)(e).

West's materials certainly show that the governor supported I-1631. But these materials do not show any conduct or behavior from the governor in violation of our campaign finance laws. Indeed, the above materials appear to demonstrate that the governor's actions are de minimis use of state resources in accordance with RCW 42.52.180(2). Even assuming the governor's conduct was not de minimis or somehow violated campaign finance laws, West fails to show the governor intended to violate those

laws. *Telford*, 166 Wn.2d at 158. Attending events, shaking voters' hands, and expressing wholehearted support for legislation does not show the governor intended to violate the law. Some inference is allowed in recall petitions, but West's evidence requires more than inference—it requires acceptance of his conjecture that the governor knew what he was doing was unlawful. Conjecture is insufficient to support this charge. *In re Recall of DeBruyn*, 112 Wn.2d 924, 930, 774 P.2d 1196 (1989) (conjectural knowledge is insufficient).

## CONCLUSION

None of the recall charges are legally or factually sufficient.[3] West's petition may state reasons to disagree with Governor Inslee, but they are not proper reasons to support a recall. *Cole*, 103 Wn.2d at 286 (recall based purely on political disagreement does not support a recall petition); *In re Recall of Sandhaus*, 134 Wn.2d 662, 670, 953 P.2d 82 (1998) ("whether [the official subject to recall] is doing a satisfactory job of managing his office is a quintessential political issue which is properly brought before the voters at a regular election"). We therefore affirm the trial court.

---

[3] West also contends the attorney general's ballot synopsis was inadequate and the trial judge erred by failing to correct it. The trial judge may correct any ballot synopsis it deems "inadequate." RCW 29A.56.140. Judge Lanese made no changes to the synopsis. We decline to address West's challenge to the synopsis because the recall petition charges are insufficient and should not appear on a ballot.

No. 96765-2

_Madsen, J._

WE CONCUR:

_Fairhurst, C.J._

_Johnson, J._

_Owens, J._

_Stephens, J._

_Wiggins, J._

_González, J._

_Yu, J._